**SIGNED THIS: June 26, 2008**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY L. ZAPATA, | ) | No. 07-82603 |
| | ) | |
| Debtor. | ) | |

## O P I N I O N

This matter is before the Court on the Motion of the Debtor, Anthony L. Zapata (DEBTOR), to avoid the judgment lien of Crawford Door Company of Peoria, Inc. (CRAWFORD). CRAWFORD took a judgment against the DEBTOR and recorded a memorandum of the judgment in the Tazewell County Recorder's Office, the county where the DEBTOR resides, on September 4, 2007. The DEBTOR filed his Chapter 13 petition on November 16, 2007 and did not address CRAWFORD'S judgment lien in his Chapter 13 Plan.

The DEBTOR filed an Amended Motion to Avoid CRAWFORD'S lien pursuant to Section 522(f), alleging that the lien impairs his homestead exemption. CRAWFORD

challenges whether or how to properly account for the homestead exemption of the

DEBTOR'S nonfiling wife.  CRAWFORD also contends that the real estate is worth more

than the scheduled amount of $105,000.[1]

An evidentiary hearing was conducted on the issue of the value of the real estate.

The DEBTOR hired a local realtor to give an opinion of the fair market value of the house,

who testified that the value was $100,000.  A copy of the recorded deed conveying title to

the DEBTOR on February 26, 2004 was admitted in evidence.  The deed reflects a purchase

price of $109,000.  The realtor submitted a very brief (two paragraph) appraisal report.  He

testified that he reviewed comparable sales information, but his report did not list any and

he could not recall which comparable properties he relied upon.

The Court finds and determines that the value of the real estate is $109,000.  This is

the amount that the DEBTOR paid for it four years ago in an arm's length transaction.

There was no evidence of any depreciation or appreciation in value since then.  The realtor

was unpersuasive.  As between the actual purchase price and the realtor's opinion, the

purchase price is better evidence of the property's fair market value.[2]

Section 522(f)(1)(A) permits a debtor to avoid the fixing of a judicial lien on a

debtor's property, but only to the extent that such lien impairs the debtor's exemption.

---

[1] On Schedule A filed with his petition, the DEBTOR valued the real estate at $118,000.  He subsequently filed Amended Schedule A reducing the value to $105,000.  A debtor's right to amend his schedules is subject to a rule of liberality. *In re Giles,* 340 B.R. 543, 547 (Bankr.E.D.Pa. 2006).  As such, assertions in bankruptcy schedules are ordinarily not treated as admissions, at least for purposes of the bankruptcy proceeding, particularly when an opinion, such as value, is at issue. *Cf. In re Herron,* 381 B.R. 184 (Bankr.D.Md. 2008) (in appropriate circumstances, courts may treat information in schedules as evidentiary admissions).

[2] Also admitted into evidence was the County Tax Assessor's report evidencing a fair market value of $121,470. Assessed valuation is hearsay which this Court generally disregards as independent evidence of value, although appraisers customarily use a property's assessed value as one of many factors that go into a competent appraisal.

Subsection (f)(2)(A) of Section 522 provides the formula for determining impairment, as

follows:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Under the statutory definition of impairment, a junior judicial lien will survive only

if, at the time of the bankruptcy filing, the debtor's property has sufficient value to satisfy

all unavoidable senior liens and the full amount of the exemption, with some equity left

over for the judicial lienor. *See In re Ware,* 274 B.R. 206, 209 (Bankr.D.S.C. 2001). The

judicial lien is unavoidable only to the extent of the leftover equity. *In re Kolich,* 273 B.R.

199 (8th Cir.BAP 2002).

Where the debtor is one of two co-owners of the property, and the other co-owner

is not a joint debtor, the better application of the impairment formula is to take the value

of the entire property and deduct the mortgage which results in a joint equity figure. The

debtor's interest is then determined as half of the joint equity amount. The debtor's

individual exemption entitlement is then deducted from his half of the equity to yield a net

equity amount, which, if a positive amount, is the extent that the lien is unavoidable. *Miller*

*v. Sul (In re Miller)*, 299 F.3d 183 (3rd Cir. 2002); *Lehman v. VisionSpan, Inc. (In re Lehman),*

205 F.3d 1255 (11th Cir. 2000); *Nelson v. Scala,* 192 F.3d 32 (1st Cir. 1999); *All Points Capital*

*Corp. v. Meyer (In re Meyer),* 373 B.R. 84 (9th Cir.BAP 2007).[3]  *Contra, Zeigler Engineering*

*Sales, Inc. v. Cozad (In re Cozad),* 208 B.R. 495 (10th Cir.BAP 1997); *In re White,* 337 B.R. 686

(Bankr.N.D.Cal. 2005).

Starting with the value of $109,000 and deducting the scheduled first mortgage

balance of $83,493 yields a figure of $25,507.  The DEBTOR'S one-half share of that value

is $12,754.  The amount of his exemption is $15,000, leaving no leftover equity available for

CRAWFORD.  Thus CRAWFORD'S lien is avoidable in its entirety as to the DEBTOR'S

one-half interest in the homestead real estate.  Since the DEBTOR'S spouse and co-owner

of the property is not a co-debtor, this determination operates to avoid CRAWFORD'S lien

only as to the DEBTOR'S interest, not as to his wife's interest.

This Opinion constitutes this Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be

entered.

###

---

[3]Neither the Supreme Court nor the Seventh Circuit Court of Appeals has addressed the issue, but all of the Circuit Courts that have addressed it agree with the interpretation adopted herein.  It is unnecessary to address CRAWFORD'S arguments regarding the treatment of the DEBTOR'S wife's homestead exemption since her exemption is not a factor in the impairment formula.